**UNITED REFRIGERATOR COMPANY, Plaintiff-Appellant,**

v.

**Stanley GERSHEL and Arthur Gershel, individually and as co-partners doing business as Food Plan of America, Defendants-Respondents.**

No. 251, Docket 26008.

United States Court of Appeals
Second Circuit.

Argued March 3, 1960.

Decided April 6, 1960.

Nathan Shapiro and Berthold H. Hoeniger, New York City, for plaintiff-appellant.

Adolph Koeppel, New York City, for defendants-respondents.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge.

Plaintiff, United Refrigerator Company (United), appeals from so much of the judgment entered in plaintiff's favor for $3,583.50 [sic] as fails to provide that plaintiff is entitled to body execution and an order of arrest and imprisonment.

The complaint alleged embezzlement and wrongful conversion of $3,583.50 and demanded judgment, if this sum were not paid, that defendants be arrested and imprisoned as provided by law. After a trial before the court without a jury, judgment was granted for $3,583.50.[1] In its conclusions of law the trial court concluded that "plaintiff is not entitled to attachment or order of arrest against the defendants by virtue of the provisions of section 826 of the New York Civil Practice Act." In its oral opinion prior to formal judgment the trial court stated that New York's law as to body execution was "an antiquated law"; that he was not satisfied that he "would incarcerate anyone for a civil debt"; that such a law goes "back a few centuries"; and that possibly we have "outlived that procedure." The trial court mindful of the stories of debtors' prisons of two centuries ago obviously did not wish to lend itself to any part of such a practice in this more enlightened day and age—and understandably so. Equally important is the protection of victims of fraud and embezzlement and the use of all lawful forces of government to restore to them their property of which they have been deprived.

Two statutes relating to the question in issue, and still in good standing

---

1. In the trial court's decision an offset of $200 is allowed, making the judgment $3,383.50.

**574**

in New York, are sections 826[2] and 764[3] of the New York Civil Practice Act. Section 826 gives a right to arrest in an action involving the wrongful conversion of property. This section is implemented by Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. providing that "At the commencement of and during the course of an action" remedies provided by the laws of the state, including arrest, are available. Section 764 deals with the "Issuance of execution against the person generally." Rule 69(a) of the Federal Rules of Civil Procedure transposes this remedy into federal practice in aid of execution.

Plaintiff here did not cause the defendants to be arrested during the action. Judgment has now been obtained and execution remains unsatisfied. Section 764 and not section 826 prescribes the proper procedure, namely, an application upon affidavit stating the nature of the action, the right to execution, the amount of the judgment, the amount unpaid and the time when and the place where the judgment has been returned wholly or partially unsatisfied. When these facts are presented the court may grant such relief, if any, under section 764 as in its discretion may be justified under the circumstances. There was no occasion to incorporate any relief obtainable under section 826 in the judgment. Paragraph 5 of the Conclusions of Law is stricken. The judgment otherwise is affirmed.

2. "§ 826. Right to arrest depending upon the nature of the action.

"A defendant may be arrested in an action, as provided in this and the next article, where the action is brought for either of the following causes:

\*　　\*　　\*　　\*　　\*

"3. To recover damages for an injury to property, including the wrongful taking, detention or conversion of personal property."

3. "§ 764. Issuance of execution against the person generally.

"Subject to the exception specified in the next section, an execution against the person of a judgment debtor may be issued by the court or a judge or justice thereof, upon application by the judgment creditor, in a case where the judgment can be enforced by execution, as prescribed by section five hundred and four of this act, and where the plaintiff's right to arrest the defendant depends upon the nature of the action. The issuance of the execution shall rest in the discretion of such court, judge or justice. The application for the issuance of the execution may be made without notice, or with such notice as the court, judge or justice may direct, and shall be made by affidavit which shall set forth in detail the right of the party to the execution, the amount of the judgment, the amount unpaid, and the time when and place where the execution against the judgment debtor's personal property has been returned wholly or partially unsatisfied."